Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER KERHART, an individual, | Case No. |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | Jury Trial Demanded |
| INTERIOR ILLUSIONS, INCORPORATED, a California Corporation; and DOES 1-10, | |
| Defendants. | |

Plaintiff Hunter Kerhart, through counsel, hereby prays to this Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Kerhart is a Los Angeles-based photographer specializing in architectural photography.

5. On information and belief, Defendant Interior Illusions, Incorporated is a California corporation with its principal place of business located at 7335 Santa Monica Boulevard, West Hollywood, CA 90046. Interior Illusions owns, operates, and/or controls the commercial website interiorillusionshome.com and its related/affiliated websites, subdomains, social media pages, and mobile applications (collectively, "Defendants' Website").

6. On information and belief, Defendants DOES 1-10 (collectively, "DOE Defendants") (altogether with Interior Illusions, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. On information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

8. Kerhart took and owns 13 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs").

9. Following the publication and display of the Subject Photographs, Defendants (and each of them) stored, displayed, created derivative works of, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs on Defendants' Website for commercial purposes without Kerhart's permission (collectively, the "Accused Posts").

10. Copies of the Subject Photographs, along with screen captures of the Accused Posts, are set forth below:

| | Subject Photographs | Accused Posts |
|---|---|---|
| 1. | Linea-Lot-5-05 | |

| | Subject Photographs | Accused Posts |
|---|---|---|
| 1. | | |
| 2. | Linea-Lot-5-16 | |

| | Subject Photographs | Accused Posts |
|---|---|---|
| 3. | Linea-Lot-5-23 | |
| 4. | Linea-Lot-5-25 | |

| | Subject Photographs | Accused Posts |
|---|---|---|
| 5. | Linea-Lot-5-30 | |
| 6. | Linea-Lot-5-33 | |

| | Subject Photographs | Accused Posts |
|---|---|---|
| 7. | Linea-Lot-5-34 | |
| 8. | Linea-Lot-5-35 | |



| | Subject Photographs | Accused Posts |
|---|---|---|
| 11. | Linea-Lot-5-43 | |
| 12. | Linea-Lot-5-45 | |



| Subject Photographs | Accused Posts |
|---|---|
| 13. Linea-Lot-5-56 | |

11.     Defendants, and each of them, had access to the Subject Photographs, including through a Multiple Listing Service ("MLS"), a real estate listing aggregator website (e.g., redfin.com, realtor.com, zillow.com), Plaintiff's website, an authorized licensee of Plaintiff's, an Internet search engine, or another third-party website; and because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

12.     Defendants, and each of them, stored, copied, displayed, created derivative works of, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs on Defendants' Website for commercial purposes without Kerhart's permission.

13.     Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

14.     Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. This entitles

Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs in an amount to be established at trial.

15. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's rights, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants be enjoined from using the Subject Photographs in any manner that infringes Plaintiff's copyrights in the same;

b. That Plaintiff be awarded Defendants' profits, plus Plaintiff's losses, attributable to Defendants' infringements of Plaintiff's copyrights in the Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 9, 2024                    DONIGER / BURROUGHS

                                                  By:    */s/ Stephen M. Doniger*
                                                              Stephen M. Doniger, Esq.
                                                              Benjamin F. Tookey, Esq.
                                                              Attorneys for Plaintiff